UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BARBARA E. ALLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01700-RLY-TAB |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DISCOVERY DISPUTE

The parties appeared by counsel on September 25, 2019, for a telephonic status conference to address discovery disputes regarding two deposition notices. Plaintiff Barbara E. Allison served Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company ("State Farm") with deposition notices for Susan Hood, State Farm's former Vice President of Claims, and Brad Schulz, State Farm's defense counsel for the state court lawsuit underlying this breach of contract and bad faith claim.

In relation to Hood, Allison alleged Hood had personal knowledge of State Farm's claim handling processes at all relevant times and that Hood has written numerous articles on State Farm's obligations to policyholders which serve as the basis for a number of opinions provided by Allison's expert. State Farm objected to Hood's deposition notice on the grounds that, applying the Apex doctrine, Hood—formerly a high-ranking official for State Farm—lacked any personal knowledge in relation to the underlying claim. State Farm pointed out that it has

offered Bernard Trusty for a Rule 30(b)(6) deposition. Trusty was a section manager with State Farm and supervised the team that handled the underlying claim in this case through trial.

As explained at the conference, the Court sustained State Farm's objection to proceeding at this time with the deposition of Hood, a retired high-ranking official who held the position of State Farm's Vice President of Claims. Instead, it is sufficient at this stage that Allison proceed with Trusty's deposition. If, after completing Trusty's deposition, Allison is still lacking necessary information, the parties can revisit whether an additional deposition is needed. If no agreement can be reached, Allison may file a motion to compel.

In relation to Schulz's deposition, State Farm objected on the basis of the attorney-client and work-product privileges. Allison responded that while State Farm could object to specific questions during a deposition if it believed these privileges applied, it cannot avoid the entire deposition. In the Court's view, it would be highly unusual to authorize taking a deposition of trial counsel such as Schulz, given that his testimony would be riddled with privileged information. Nevertheless, there may be limited, non-privileged information that Schulz could provide. Thus, the Court authorizes Allison to serve on State Farm either a Rule 31 deposition by written questions or Rule 33 interrogatories to explore whether Schulz has any limited, non-privileged information. If after receiving State Farm's responses Allison believes she is entitled to additional information from Schulz, she can file a motion to compel.

Date: 9/26/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:   All ECF-registered counsel of record via email